UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

KATE W. PACE                                                                                             PLAINTIFF

V.                                                          CIVIL ACTION NO. 3:24-CV-468-DPJ-ASH

THOMAS B. PACE                                                                                       DEFENDANT

ORDER

This diversity action is before the Court on Defendant Tom Pace's motion to dismiss [5], or in the alternative, to stay Plaintiff Kate Pace's Complaint. The Court finds that oral argument would help develop the legal issues; this Order will provide guidance for the parties' preparation.

I.      Factual Background

Kate and Will Pace divorced on January 21, 2016. Compl. [1] ¶ 6. As part of their divorce settlement, Will would maintain a $1,000,000 life-insurance policy for their four children, naming the children as the irrevocable beneficiaries and Kate as trustee. *Id.* ¶ 7. Will died on September 2, 2022. *Id.* ¶ 9. Kate says Will violated that agreement by leaving only $500,000 in life insurance and naming his brother, Defendant Tom Pace, as the trustee. Pl.'s Mem. [10] at 1.

That basic dispute led to claims in two courts. First, on September 15, 2022, Tom Pace was appointed the executor of Will's estate, and his will and codicil were admitted to probate in the Chancery Court of Madison County, Mississippi. *See* State Court Docket [5-1] at 3.[1] Kate filed an Amended Petition in that case on December 30, 2022, individually and on behalf of her children. *See* Am. Pet. [5-1] at 11; Compl. [1] ¶ 26. That pleading sought reformation of the trust naming Tom as trustee and asserted a breach-of-contract claim based on the alleged breach

---

[1] CM/ECF pagination.

of her divorce decree. Am. Pet. [5-1] at 13–15. The Amended Petition named the trustee (Tom) as a defendant and sought certain damages from him. *Id.* at 14, 16.

About 20 months later, Kate filed this suit against Tom in his individual capacity, alleging that he facilitated and created the insurance trust that violated her divorce decree. She asserted five state-law causes of action: (1) breach of fiduciary duty; (2) intentional interference with divorce decree; (3) intentional interference with life-insurance policy; (4) negligence and/or gross negligence; (5) intentional and/or negligent infliction of emotional distress.

Tom moved the Court to dismiss Kate's Complaint for claim splitting, arguing that the claims she advances here should have been included in the chancery-court action. Kate opposed that motion through counsel, but her attorney later withdrew. *See* Mot. to Withdraw [12]. Kate is now proceeding pro se. *See* Entry of Appearance [15]. Subject-matter jurisdiction exists, and the motion to dismiss has been fully briefed. *See* Compl. [1] ¶¶ 1, 2 (alleging Kate is a citizen of Mississippi and Tom is a citizen of South Carolina).

II.     Issues to Be Considered

Tom seeks dismissal based on alleged claim splitting or under the *Burford* abstention doctrine. He alternatively seeks a stay under the *Colorado River* abstention doctrine. The parties are free to argue any issues they deem proper, but the Court highlights these:

- As to the claim-splitting defense, the parties dispute whether privity exists among the parties to the two suits. It appears from the pleadings that Kate sued in her individual capacity in both cases. As for Tom, he was sued individually here but the Amended Petition in chancery court identifies him as "Tom Pace, as Trustee." Am. Pet. [5-1] at 11. That said, Kate twice asks the chancery court to award fees against the Trustee for his alleged misconduct. *Id.* at 14, 16. Neither side offers legal authority explaining whether this is an individual claim or a claim against Tom in his representative capacity as a trustee.

- Tom says Kate split claims because she could have brought her federal-court claims in chancery court, but he offers no supporting authority. Kate says that's incorrect and conclusory. But she doesn't cite any authority either. First, based

on legal authority, could these tort claims have been brought in chancery court as part of the probate proceeding? If not, can claim splitting exist?

- Should the Court consider abstention on a claim-by-claim basis? If so, please be prepared to address the factors as to each claim.

- Tom says all factors weigh toward dismissal or abstention under *Buford*. That includes the second factor—"whether the case requires inquiry into unsettled issues of state law, or into local facts." Def.'s Mem. [6] at 6. "Of primary concern in *Burford* is the involvement of the federal courts in deciding issues of essentially state law and policy." *Aransas Project v. Shaw*, 775 F.3d 641, 650 (5th Cir. 2014). Tom doesn't explain why this factor weighs for abstention. If he relies on unsettled issues of state law, what are they? If, however, he suggests that the case requires inquiry "into local facts," what does that mean under Fifth Circuit law? What are those facts?

- Under the fifth *Burford* abstention factor, "[t]o justify abstention, there *must* be a forum that offers '[t]imely and adequate state-court review.'" *Aransas Project*, 775 F.3d at 651–52 (emphasis added). Or, as sometimes stated, there must be "a *special* state forum for judicial review." *Romano v. Greenstein*, 721 F.3d 373, 380 (5th Cir. 2013) (emphasis added). Is that requirement mandatory, or is it just weighed like the others? And does Mississippi have a special state forum that satisfies this requirement? *See Watson v. Watson*, No. 3:21-CV-26-KHJ-MTP, 2021 WL 1254354, at *3 (S.D. Miss. Apr. 5, 2021) (holding that it does not); *but see Est. of Merkel v. Pollard*, 354 F. App'x 88, 95 (5th Cir. 2009).

- As for *Colorado River* abstention, a key factor under these facts is the avoidance of piecemeal litigation. But the Fifth Circuit held in *Black Sea Investment, Ltd. v. United Heritage Corporation*, that "[w]hen, as here, no court has assumed jurisdiction over a disputed res, there is no such danger. This factor therefore weighs against abstention." 204 F.3d 647, 651 (5th Cir. 2000). Other cases seem to evaluate this factor independently even without jurisdiction over a disputed res.

- Sticking with that same factor, the Fifth Circuit has held "[p]iecemeal litigation is a different concern from the worry of obtaining conflicting judgments in parallel actions involving the same parties and the same questions. The remedy for conflicting judgments is not abstention, but the application of res judicata." *Aptim Corp. v. McCall*, 888 F.3d 129, 137 (5th Cir. 2018) (citing *Kelly Inv., Inc. v. Cont'l Common Corp.*, 315 F.3d 494, 498 (5th Cir. 2002)). For example, in *Stewart v. Western Heritage Insurance Co.*, the Fifth Circuit noted that the piecemeal nature of those proceedings might be remedied if the magistrate judge joined the absent party: "These efforts and the ability of the trustee to file a cross-claim could moot these piecemeal characteristics." 438 F.3d 488, 492 n.5 (5th Cir. 2006). That raises the question whether res judicata could apply, which goes back to whether Tom Pace (individually) is party in both cases.

3

As stated, the parties are not limited to these issues. Any additional authority they intend to argue at the hearing must be docketed five days before the hearing in a supplemental brief not to exceed ten pages.

III.   Conclusion

This matter will be heard during oral argument. The parties are instructed to contact Courtroom Deputy Shone Powell within five business days of this order to set the hearing. Once set, the parties must docket a supplemental brief five days before the hearing that does not exceed ten pages and identifies any additional authority they intend to mention during the hearing.

**SO ORDERED AND ADJUDGED** this the 13th day of May, 2025.

> s/ *Daniel P. Jordan III*
> UNITED STATES DISTRICT JUDGE